IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, by its Trustees, Salvatore J. Chilia and D.R. Borden, Jr., 2400 Research Boulevard Rockville, Maryland 20850, | ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No. _____ ) |
| v. | ) ) ) |
| INDUSTRIAL VALLEY CONTROLS, INC. a Pennsylvania corporation, 395 Circle of Progress Drive Pottstown, PA 19464, | ) ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

### Jurisdiction

1. This Court has jurisdiction of this action under Sections 404, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104,1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce Defendant's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, and to enjoin the violations of the terms of the National Electrical Benefit Fund ("NEBF").

### Parties

2. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the

National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

3. Plaintiffs Salvatore J. Chilia and D.R. Borden, Jr. are the Trustees to the NEBF within the meaning of Section 403 of ERISA, 29 U.S.C. 1103, and as such are fiduciaries to the NEBF. ERISA Section 3(21)(A), 29 U.S.C. 1002(21)(A).

4. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5). Upon information and belief, Defendant is a Pennsylvania corporation whose main place of business is 395 Circle of Progress Drive, Pottstown, PA 19464.

## Count I

5. Defendant is a signatory, and has been a signatory continuously during all relevant periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Unions 375 and 654 as the collective bargaining representatives of Defendant's employees.

6. Pursuant to the Collective Bargaining Agreement, Defendant has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Employees Benefit Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

7. Pursuant to its Collective Bargaining Agreement and the Employees Benefit Agreement, Defendant agreed to pay to the NEBF 3% of the Gross Labor Payroll, as defined in the

Employees Benefit Agreement, paid to all employees of Defendant covered by the Collective Bargaining Agreement.

8. Defendant employed employees covered by the Collective Bargaining Agreements at all times relevant to this action.

9. Pursuant to the Collective Bargaining Agreement and the Employees Benefit Agreement, the NEBF Trustees may order an audit of Defendant' books and records in order to determine whether Defendant is in compliance with its contribution obligation.

10. In accordance with the above, NEBF's auditor, Novak Francella, conducted an audit of Defendant's payroll records in or around November 2010.

11. According to Novak Francella's audit of Defendant's monthly payroll records, Defendant has been delinquent in making contributions to the NEBF on behalf of its covered employees for work performed in Local Unions 375 and 654 in 2006, 2007, 2008, 2009 and 2010. The amount of contributions Novak Francella determined is due on unreported or underreported wages and hours is $3,067.38.

12. Section 6.9 of the Employees Benefit Agreement authorizes the NEBF Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of any delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency. Defendant is bound to the Employees Benefit Agreement.

13. Pursuant to this provision, and consistent with 29 U.S.C. Section 1132(g) Defendant is obligated to the NEBF in the amount of at least $5,870.82 representing the aforementioned unpaid contributions, liquidated damages, interest, and audit fees that Defendant has refused to pay.

WHEREFORE, the NEBF prays for judgment as follows:

A. For $3,067.38 in outstanding contributions for the periods January 1, 2006, through November 16, 2010.

B. For $1,382.87 in interest calculated at the rate of 10% per annum on the aforementioned delinquent contributions.

C. For liquidated damages in the amount of $613.48 on the aforementioned delinquent contributions.

D. For $807.09 in audit fees expended by NEBF to date in connection with Defendant's delinquency.

E. For attorney's fees and costs expended in bringing this lawsuit.

F. For all subsequent interest due on all late filed contributions submitted by the Defendant to the NEBF.

G. For all contributions, liquidated damages, and audit fees which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(2) (C) (ii) and the Employees Benefit Agreement.

H. For such further relief as the Court may deem appropriate.

                                              Respectfully Submitted,

DATE: <u>October 30, 2013</u>                <u>s/Robert P. Curley</u>
                                              Robert P. Curley, Esquire
                                              Attorney I.D. No. 55760

**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
rcurley@odonoghuelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 30th day of October 2013 on the following:

    Secretary of the Treasury
    15th and Pennsylvania Ave., N.W.
    Washington, DC  20220

    ATTN: Employee Plans - Internal Revenue Service


    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC  20002

    ATTN: Assistant Solicitor for Plan Benefits Security


        s/ Robert P. Curley
        Robert P. Curley
        Attorney I.D. No. 55760

        **O'DONOGHUE & O'DONOGHUE LLP**
        Constitution Place, Suite 515
        325 Chestnut Street
        Philadelphia, PA  19106
        Telephone (215) 629-4970
        Facsimile (215) 629-4996